UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing: October 11, 2018
Time: 9:30 AM

FILED
U.S. BANKRUPTCY COURT
2018 SEP 27  P 4: 53
S.D. OF N.Y.

In re    Carmine P. Amelio         Case No. 17-12482-cgm

Debtor.

**NOTICE OF DEBTOR'S THIRD MOTION FOR VOLUNTARY DISMISSAL
OF CHAPTER 13 CASE PURSUANT TO 11 U.S.C. 1307(b) OR FIRST MOTION FOR
VOLUNTARY DISMISSAL OF INVOLUNTARY CHAPTER 7 CASE
PURSUANT TO 11 U.S.C. 707(a)**

**PLEASE TAKE NOTICE,** that Carmine P. Amelio (the "**Debtor**") will move for voluntary dismissal of Chapter 13 case or involuntary Chapter 7 case (the "Motion") before the Honorable Cecelia G. Morris, Chief United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, New York, New York on **October 11, 2018 at 9:30 a.m.**, for an order dismissing Debtor's Chapter 13 case pursuant to 11 U.S.C. § 1307(b) or Debtor's Chapter 7 case pursuant to 11 U.S.C. § 707(a) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the Motion must be made in writing and filed with the Clerk of the Bankruptcy Court, with copy delivered to (i) Hon. Cecelia G. Morris, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green New York, NY 10004-1408; (ii) Office of the United States Trustee, SDNY, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014; and (iii) Carmine P. Amelio, 60 West 23rd Street, Apt 830, New York, NY 10010, in all cases so as to be received no later than **October 4, 2018 at 4:00 P.M.** Any response must set forth the grounds for and the facts supporting the response and must: (i) identify the response by the name of the responding party, (ii) indicate the hearing date on the upper right hand of the objection, and (iii) bear the caption and case number of this case.

**PLEASE TAKE FURTHER NOTICE** that if no objections are filed by the Objection Deadline, the Court may enter an order approving the Motion without a hearing.

Dated: September 27, 2018

*Carmine P. Amelio*
Carmine P. Amelio, Debtor Pro Se
60 West 23rd Street, Apt 830
New York, NY 10010

                                                                             Hearing: October 11, 2018
                                                                             Time: 9:30 AM

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re   Carmine P. Amelio                       Case No. 17-12482-cgm

      Debtor.

---

### DEBTOR'S THIRD MOTION FOR VOLUNTARY DISMISSAL OF CHAPTER 13 CASE PURSUANT TO 11 U.S.C. 1307(b) OR FIRST MOTION FOR VOLUNTARY DISMISSAL OF INVOLUNTARY CHAPTER 7 CASE PURSUANT TO 11 U.S.C. 707(a)

**COMES NOW**, Debtor, Carmine P. Amelio, Pro Se, moves this Court of voluntary dismissal of his Chapter 13 Case pursuant to 11 U.S.C. § 1307(b) or voluntary dismissal of his involuntary Chapter 7 case pursuant to 11 U.S.C. § 707(a) of the Bankruptcy Code. Debtor in support thereof states the following:

1. The debtor previously filed Chapter 13 bankruptcy Case Number 17-11167-cgm on April 28, 2017 and that case was dismissed on July 13, 2017.

2. The previous filing was deficient at the time of filing and the court issued notice thereof.

3. Debtor filed a motion to extend time to correct the deficiency within 30 days.

4. Debtor appeared for hearing for his motion, with the completed documents, however the Court dismissed the debtor's case **without an order** on his request for extension of time to correct the deficient filing.

5. On July 13, 2017, the debtor's case was dismissed.

6. The Debtor had no other pending bankruptcy cases in the preceding one-year period.

7. The Debtor did not have any prior case(s) dismissed in the past year for any of the following reasons:

    a. failure to file or amend other required documents without substantial excuse,

    b. failure to provide adequate protection as ordered by the Court, or

    c. failure to perform the terms of a plan confirmed by the Court.

8. On September 1, 2017 Debtor the current Chapter 13 bankruptcy case under Title 11 of United States Code. The bankruptcy was docketed as Case Number 17-12482-cgm.

9. As of the date of this motion all documents have been filed with the courts as required.

10. The debtor has filed a plan that can be confirmed and has filed Case Number 17-12482-cgm in good faith with intent on seeing it through.

11. On April 30, 2018, the Chapter 14 Trustee, Krista M. Preuss (the "Trustee"), filed a Motion to Dismiss Debtor's Chapter 13 Case.

12. On May 10, 2018, debtor filed objection to Trustee's Motion to Dismiss.

13. On May 17, 2018 a hearing was held on the Trustee's motion to dismiss where the Court sua sponte issued an Order converting debtor's Chapter 13 to Chapter 7.

14. On May 22, and Order was entered converting case to chapter 7.

15. On June 5, 2018 the Debtor filed a Motion to Vacate the Order converting to Chapter 7 and Motion to make debtor's Chapter 13 case whole or dismiss debtor's case, which was heard on July 12, 2018 and denied by the Court.

16. On August 2, 2018 the Debtor filed a Motion to Vacate the Order issued July 19, 2018 denying debtor's motion to vacate the May 22, 2018 Order converting debtor's case to Chapter 7 and to dismiss debtor's case, which is scheduled to be heard on September 6, 2018.

## LEGAL ARGUMENT

1. On April 30, 2018, the Trustee filed a motion to dismiss the debtor's Chapter 13 case.

2. Where a Chapter 13 case has not been converted under section 706, 1112 or 1208 of this title, the court shall dismiss a case under this chapter upon request of the Debtor or upon Notice and Hearing by a party in interest.

3. The Court, however, without authority, issued an Order *sua sponte* converting Debtor's Chapter 13 case to a Chapter 7.

4. Since the Court lacked the authority to sua sponte convert the case to chapter 7, the debtor's case should have been dismissed pursuant to debtor's motion to vacate and motion to dismiss filed June 5, 2018 and Trustee's motion to dismiss.

5. The Court did not have the authority to *sua sponte* convert proceedings from Chapter 13 to Chapter 7, since conversions are under the provision of Chapter 13 cited by the judge, section 1307(c), can take place **only "on request of a party in interest"**. Bankr.Code, 11 U.S.C.A. § 1307(c). Also see *Matter of Lozano*, 42 BR 971 - Dist. Court, D. Puerto Rico 1984 emphasis added.

6. In this matter, conversion to chapter 7 was **not** upon the request of **any** party in interest, including the merits and arguments raised by the Trustee in her motion to dismiss, thus the judge did not have the authority to sua sponte convert debtor's case to chapter 7.

7. Should debtor's second motion to vacate be denied, then the debtor moves this Court to dismiss his chapter 7 matter pursuant to 11 U.S.C. § 707(a) for the following reasons:

    a. The debtor does not belong in a chapter 7; it belongs in either chapter 13 or chapter 11.

    b. The Court unlawfully converted Debtor's case to chapter 7 as punishment, without authority or cause and mis-representations made by the Court by falsely

stating that the debtor had not objected to secured creditor's proof of claims, the debtor was a serial filer due to debtor's brothers having filed their own petitions and that the debtor had improperly listed the amount of the alleged creditors secured debt on his properties as "unknown".

c. Alleged creditors did not file a response to six (6) of the Debtors Objections to Proof of Claims.

d. Debtor's chapter 13 petition was not prejudicial to the alleged creditors and, in addition, the debtor was denied extension of automatic stay beyond 30 days.

e. Debtor's chapter 13 case was damaged and compromised be the Court's err to timely docket debtor's pleadings.

f. Most of the properties are all underwater and subject to abandonment in Chapter 7, thus, it is in the best interest of the creditors to dismiss the case so alleged creditors can proceed with their State foreclosure actions.

g. In *In re Aupperle*, the bankruptcy court granted the debtor's motion to voluntarily dismiss her chapter 7 case. The debtor also stated that she believed that dismissal would not be prejudicial to her creditors because the creditors would be returned to the position they held prior to the bankruptcy filing and most creditors made no prepetition collection efforts.

h. In *In re Hull*, the Bankruptcy Court for the Eastern District of New York granted the debtor's motion to dismiss her voluntary chapter 7 case because dismissal would not be prejudicial to her creditors.

8. Debtor reserves his right to amend, add and submit additional evidence, pleadings and affidavits to this motion.

I declare under penalty of perjury that the foregoing is true and correct.

**WHEREFORE**, the debtor hereby requests that this Court grants voluntary dismissal of his Chapter 13 Case pursuant to 11 U.S.C. 1307(b) or dismiss his chapter 7 matter pursuant to 11 U.S.C. § 707(a)

Date: September 27, 2018                    Respectfully Submitted,

_____
Carmine Amelio

Hearing: October 11, 2018
Time: 9:30 AM

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

In re   Carmine P. Amelio                     Case No. 17-12482-cgm

        Debtor.

---

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2018, a copy of NOTICE OF DEBTOR'S THIRD MOTION FOR VOLUNTARY DISMISSAL OF CHAPTER 13 CASE PURSUANT TO 11 U.S.C. 1307(b) OR FIRST MOTION FOR VOLUNTARY DISMISSAL OF INVOLUNTARY CHAPTER 7 CASE PURSUANT TO 11 U.S.C. 707(a), was served electronically and/or by regular United States mail to all interested parties, the Trustee and all creditors on the attached creditor list below.

Date: September 27, 2018                      Respectfully Submitted,

                                              /s/ Carmine Amelio
                                              Carmine Amelio
                                              60 West 23rd Street, Apt 830
                                              New York, NY 10010

Via: U.S. Mail
Attached list

**SERVICE LIST FOR CASE NUMBER 17-12482-cgm**

Deborah J. Piazza, Esq.
TARTER KRINSKY & DROGIN LLP
*Attorneys for Interim Chapter 7 Trustee.*
1350 Broadway, 11th Floor
New York, New York 10018

Krista M. Preuss, Chapter 13 Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603

United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014-9449

Ally Financial
Attn: Bankruptcy Dept
PO Box 130424
Roseville, MN 55113

America's Servicing Co
Attn: Bankruptcy Dept
3476 Stateview Blvd
Fort Mill, SC 29715-7203

American Tax Funding
c/o Phillips Lytle LLP
Attn: Nickolas Karavolas
620 8th Ave, 23rd Floor
New York, NY 10018-1669

AMGRO
100 North Pkwy
Worcester, MA 01605-1349

Amity Associates
PO Box 123
Mount Freedom, NJ 07970-0123

BAC Home Loans Servicing f/k/a
Countrywide Home Loans Servicing,
1800 Tapo Canyon Rd
Simi Valley, CA 93063-6712

Bank of America
f/k/a Countrywide Home Loans Servicing
1800 Tapo Canyon Rd
Simi Valley, CA 93063-6712

Brandt, Milnes & Rea, P.C.
310 Grant St Ste 1109
Pittsburgh, PA 15219-2227

CitiBank USA, N.A.
PO Box 6181
Sioux Falls, SD 57117-6181

City of Middletown
16 James St
Middletown, NY 10940-5724

Colony Pointe Townhouse Assoc
102 Broadway St Ste 500
Carnegie, PA 15106-2486

Convergent Outsourcing, Inc.
PO Box 9004
Renton, WA 98057

CountryWide Home Loans
450 American St
Simi Valley, CA 93065-6285

Credit Center Inc
7 Finance Dr
Danbury, CT 06810-4133

Credit Collection Services
PO Box 447
Norwood, MA 02062-0447

Daniel Brownstein and Maya Lahav
400 Birch Pl
Westfield, NJ 07090-4302

Deutsche Bank National Trust
c/o Ocwen Loan Servicing, LLC
PO Box 24605
West Palm Beach, FL 33416-4605

Eiges & Orgel
233 Broadway Rm 2205
New York, NY 10279-2300

EMC Mortgage, LLC
2780 Lake Vista Dr
Lewisville, TX 75067-3884

Federal National Mortgage
c/o Seterus, Inc.
PO Box 1047
Hartford, CT 06143-1047

First Horizon
PO Box 1545
Memphis, TN 38101

First Horizon
PO Box 1545
Memphis, TN 38101-1545

IC Systems
PO Box 64378
Saint Paul, MN 55164

IndyMac Bank
PO Box 4045
Kalamazoo, MI 49003

Kohls
PO Box 3115
Milwaukee, WI 53201-3115

Mackiewicz & Associates, LLC
625 Washington St
Hoboken, NJ 07030-4921

MTGLQ Investors, LP
Christopher Ford, Esq
KML Law Group, PC
216 Haddon Ave Ste 406
Westmont, NJ 08108-2812

Nationstar
PO Box 619096
Dallas, TX 75261-9096

Nationstar Mortgage
350 Highland Dr
Lewisville, TX 75067

Nationstar Mortgage
PO Box 130536
Dallas, TX 75313

NRZ REO VIII, LLC
KML LAW GROUP, P.C.
Attn: Thomas Puleo
701 Market St
Philadelphia, PA 19106-1538

NS161, LLC
c/o SN Servicing Corp
323 5th St
Eureka, CA 95501-0305

Ocwen Loan Servicing
PO Box 24646
West Palm Beach, FL 33416

One West Bank
6900 Beatrice Dr.
Kalamazoo, MI 49009

PNC Mortgage
PO Box 5570
Cleveland, OH 44101

Quicken Loans
1050 Woodward Ave
Detroit, MI 48226-1906

Real Time Resolutions
1349 Empire Central Dr Ste 1
Dallas, TX 75247-4066

Rushmore Capital Partners, LLC
65 Broadway Ste 835
New York, NY 10006-2503

Rushmore Loan Management Services
PO Box 55004
Irvine, CA 92619-5004

Specialized Loan Servicing
8742 Lucent Blvd Ste 300
Highlands Ranch, CO 80129-2386

SW Credit Systems
4120 International Pkwy Ste 1100
Carrollton, TX 75007-1958

The Bank of New York Mellon
c/o Buckley Madole, P.C.
420 Lexington Ave Rm 840
New York, NY 10170-0840

Village of Shadyside Community Assoc
c/o Arnheim & Neely, Inc
425 N Craig St Ste 100
Pittsburgh, PA 15213-1187

Wells Fargo Bank
PO Box 10335
Des Moines, IA 50306-0335

Wilmington Savings
c/o Knuckles, Komosinski & Manfro, LLP
565 Taxter Rd Ste 590
Elmsford, NY 10523-2300