BIDDING PROCEDURES HEARING DATE: NOVEMBER 15, 2018
BIDDING PROCEDURES HEARING TIME: 9:00 A.M.

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Michael M. Brownstein, Esq.
smarkowitz@tarterkrinsky.com
mbrownstein@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                              Chapter 7

CARMINE P. AMELIO,                                  Case No. 17-12482 (CGM)

                        Debtor.
-------------------------------------------------------x

**MOTION TO SHORTEN NOTICE TO CONSIDER TRUSTEE'S MOTION
FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6004 (i) APPROVING AUCTION PROCEDURES
AND NOTICE OF THE AUCTION RELATING THERETO, (ii) APPROVING SALE OF
TWO PARCELS OF REAL ESTATE FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS, (iii) APPROVING FORM OF PURCHASE
AGREEMENTS, AND (iv) GRANTING RELATED RELIEF**

TO:    THE HONORABLE CECELIA G. MORRIS
       CHIEF UNITED STATES BANKRUPTCY JUDGE

Deborah J. Piazza, solely in her capacity as chapter 7 trustee (the "Trustee") of the estate of Carmine P. Amelio (the "Debtor"), hereby moves this Court (the "Motion") for an order approving the Trustee's request to obtain a hearing on shortened notice to consider the Trustee's motion (the "Sale and Procedures Motion") (i) for the entry of an order (the "Procedures Order") pursuant to 11 U.S.C. §§ 105(a) and 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure (a) approving auction procedures (the "Auction and Bidding Procedures") in

connection with the sale (the "Sale") of two parcels of real estate, as more particularly described herein, to the highest bidder (b) scheduling an auction (the "Auction") and a sale hearing (the "Sale Hearing"), and (c) approving the form of notice of such Auction Procedures and Bidding Protections, the Auction and the Sale; and (ii) after completion of the Sale Hearing, entry of an order (the "Sale Order") pursuant to 11 U.S.C. § 105(a) and 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure (a) authorizing and approving the Sale to the qualified bidder submitting the highest or otherwise best offer (the "Successful Bidder") free and clear of all liens, claims, encumbrances and interests, (b) approving the form of the Purchase Agreements, and (c) granting related relief.  In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 363 and Rules 2002, 6004 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Trustee also relies upon the guidelines for asset sales promulgated by this Court, under General Order M-383.

## GENERAL BACKGROUND AND RELEVANT INFORMATION

3. On September 1, 2017 (the "Filing Date"), the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. On May 22, 2018, this Court upon motion of the standing Chapter 13 trustee

converted the Debtor's case to a Chapter 7 case (the "Conversion Order"). Deborah J. Piazza was appointed as interim Chapter 7 trustee of the Debtor's bankruptcy estate and is currently serving as the permanent Chapter 7 trustee.

5.  The Debtor has filed various motions, inter alia, to vacate the Conversion Order and dismiss the chapter 7 case and has taken an appeal from various decisions and orders in connection with the Conversion Order which appeal is presently pending in the Southern District of New York.

6.  Prior to the commencement of the bankruptcy case, the Debtor was the partial and/or the full fee owner of various parcels of real estate primarily in the northeast and managed and operated various properties reflected in the Debtor's schedules. At the time of the filing of the bankruptcy case, the Debtor was directly or indirectly the sole owner of a number of parcels of real estate including 814 Washington Street, Unit #1, Hoboken, New Jersey, 07030-7012 (the "Washington Street Property") and 410 Monroe Street, Hoboken, New Jersey 07030-0729 (the "Monroe Street Property") (collectively, the "Properties"). On November 6, 2018, the Trustee filed the Sale and Procedures Motion which is fully incorporated herein as if fully set forth.[1]

**RELIEF REQUESTED AND BASIS THEREOF**

7.  By this Motion, the Trustee seeks to memorialize the hearing date which was given to the Trustee's counsel as a result of a call to the Court's chambers on November 6, 2018 scheduling the hearing to consider the bidding procedures on shortened notice for November 15, 2018 at 9:00 a.m.

8.  Rule 2002(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") ordinarily requires twenty-one days' notice to all creditors of a motion to approve a sale

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to it in the Sale and Procedures Motion or the Auction and Bidding Procedure.

{Client/084907/1/01685683.DOC;1 }

3

of a debtor's property outside the ordinary course of business. Bankruptcy Rule 9006(c) of the Bankruptcy Rules provides the Court for cause shown may reduce, with or without notice, this time period. Furthermore, the amended guidelines adopted by General Order M-383 contemplate a hearing on shortened notice with respect to approval of bid procedures in connection with a Bankruptcy Code § 363 sale. See section II(B)(2) of the Amended Guidelines for the Conduct of Asset Sales.

9. The Trustee requests a hearing on shortened notice only with respect to the hearing on the bid procedures as contemplated by the Amended Guidelines for the Conduct of Asset Sales. The Trustee is not seeking shortened notice with respect to the Sale of the Properties and it is contemplated the Auction will not take place for approximately thirty (30) days from approval of the bid procedures.

10. The Trustee notes the Sale and Procedures Motion and the Auction and the Bidding Procedures are consistent with the normal bidding procedures that are generally used in Southern District of New York bankruptcy cases. The Trustee submits this is ample notice in view of the fact that the relief requested is procedural in nature and the fact the Sale and Procedures Motion has already been served by Federal Express on all relevant parties.

11. In accordance with the Trustee's counsel's call with chambers, the Trustee on November 6, 2018 filed the Sale and Procedures Motion and on November 7, 2018 filed the Notice of Hearing to Approve the Bidding Procedures on the Court's ECF system and on November 7, 2018 served them by Federal Express overnight mail on the remaining Bidding Procedures Notice Parties.

5

**WHEREFORE**, the Trustee respectfully requests the Court hear the Auction and Bidding Procedures portion of the Sale and Procedures Motion on shortened notice on November 15, 2018 at 9:00 a.m. (ET), and grant the Trustee such other and further relief.

Dated: New York, New York
November 8, 2018

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*the Chapter 7 Trustee*

By:   /s/ Scott S. Markowitz
Scott S. Markowitz, Esq.
Michael Z. Brownstein, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

{Client/084907/1/01685683.DOC;1 }